IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DWAYNE TYRONE ROBINSON,

    Plaintiff,
v.                                        CASE NO. 1:19-cv-132-MW-GRJ

HUDSON G. DYKES,
et al.,

    Defendants.
_____/

## ORDER AND
## AMENDED REPORT AND RECOMMENDATION

The undersigned recommended that the Court grant Defendants' motion to dismiss the Complaint because it is barred by the statute of limitations applicable to complaints under 42 U.S.C. § 1983. ECF No. 27. At the time the Report and Recommendation was entered, Plaintiff had failed to respond to the Court's order to show cause as to why the motion to dismiss should not be granted. *See id.* This case is now before the Court on Plaintiff's response to the motion to dismiss, ECF No. 29, which was docketed after entry of the Report and Recommendation. In view of Plaintiff's response, the original Report and Recommendation, ECF No. 27, is **WITHDRAWN.** For the following reasons, it is respectfully recommended that the motion to dismiss be **GRANTED**.

I. **Background**

Plaintiff Dwayne Robinson, an inmate in the custody of the Department of Corrections presently confined at Hardee Correctional Institution, initiated this case on July 11, 2019, by filing a "motion for extension of time to file a belated complaint". ECF No. 1. Plaintiff represented that he intended to file a civil rights complaint based on unspecified claims for which the four-year statute of limitations had expired, but that he had been "obstructed by prison officials" from filing the complaint. *Id.* The Court denied the motion and ordered Plaintiff to complete and file a prisoner civil rights complaint form. ECF No. 3. The Court subsequently granted Plaintiff's motion for leave to proceed as a pauper. ECF No. 13.

Plaintiff then filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that five City of Gainesville police officers violated his constitutional rights during Plaintiff's arrest on May 29, 2015. ECF No. 4. Plaintiff alleges that he was subjected to an unreasonable search and seizure in violation of his constitutional rights because Defendants used excessive force against him, causing Plaintiff to sustain injuries. Plaintiff also alleges that Defendants "falsely" arrested him and fabricated evidence against him. Plaintiff names the individual officers as Defendants, as well as "Shans [sic] Hospital of

Gainesville Florida EMS Unit", who responded to the scene but "negligently" determined that Plaintiff did not require EMS services. For relief, Plaintiff seeks compensatory and punitive damages in addition to injunctive relief. ECF No. 4.

## II. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a cause of action" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 683 (quoting *Twombly*, 550 U.S. at 570)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d

1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

Plaintiff makes four arguments in opposition to the motion to dismiss. First, Plaintiff claims that filing a lawsuit at the time of the incident "would have impugned his conviction in his criminal case and claim of malicious

prosecution." ECF No. 29 at 2. Second, he asserts that the limitations period was tolled under Florida law by the pendency of an "arbitral proceeding pertaining to a dispute that was the subject of the action." ECF No. 29 at 1. Third, Plaintiff argues that he is entitled to the benefit of equitable tolling of the limitations period due to a denial of access to court while he was housed in confinement. *Id.* at 2. Lastly, Plaintiff argues that his cause of action did not accrue on the date of the alleged beating because he only later learned of Defendants' identity. *Id.* at 3-4.

Turning first to Plaintiff's accrual argument, an excessive-force claim generally accrues on the date when the force is inflicted. *See Baker v. City of Hollywood,* 391 Fed. Appx. 819, 821 (11th Cir. 2010) (unpublished)[1] (affirming the district court's dismissal of plaintiff's claims premised on excessive force because, from the face of the complaint, it was apparent he filed it more than four years after the date he allegedly was beaten); *Price v. City of San Antonio*, 431 F.3d 890, 893–94 (5th Cir. 2005) (excessive force and other claims accrued on date of incident); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 381 (9th Cir.1998) (stating general rule that

---

[1] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

excessive force claim under § 1983 accrues on the date that the force occurs).

According to the Complaint, the alleged unconstitutional acts by Defendants occurred during Plaintiff's arrest on May 29, 2015, when he claims that Defendants used excessive force against him and "fabricated" evidence to falsely arrest him. Thus, the events giving rise to Plaintiff's excessive-force claims occurred on that date. That Plaintiff knew the facts underlying these claims on that date is apparent from the face of the Complaint, even if he did not know the Defendants' names at that time. Therefore, Plaintiff's claims accrued and the four-year limitations period began to run on May 29, 2015, even if Plaintiff could not identify the officers by name at that time. *See Ross v. Mickle*, 194 Fed. Appx. 742, 744 (11th Cir. 2006) (unpublished) ("Even if Ross could not identify the specific officers involved, he would have known that he was shot in the back by the police in March 2002, at the time of the incident.")

Plaintiff did not file his Complaint until August 19, 2019, more than four years after his excessive-force claims accrued. ECF No. 4. Even if Plaintiff's motion seeking an extension of time to file a belated complaint is liberally construed as a civil rights complaint, it was filed on July 15, 2019, which is also beyond the expiration of the limitations period.

Plaintiff conclusionally asserts that Defendants' actions amount to a false arrest. ECF No. 4. To establish a claim for false arrest/imprisonment, a plaintiff must prove: (1) that he was detained; and (2) that the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations and emphasis omitted). Plaintiff alleges no facts in the Complaint establishing that his detention on May 29, 2015, was unlawful.

Further, any such claim would also be barred by the four-year limitations period. A claim for false arrest accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotation marks and citations omitted). Because a false arrest "is a species of" false imprisonment, in order "to determine the beginning of the limitations period [for a warrantless false arrest], [a court] must determine when [the plaintiff's] false imprisonment came to an end." *Id.* at 388-89. "Reflective of the fact that a false imprisonment consists of detention without legal process, a false imprisonment ends once the [plaintiff] becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389.

The Court may take judicial notice of the state-court proceedings underlying Plaintiff's complaint. Those proceedings reflect that Plaintiff had a first appearance hearing on May 30, 2015, at which it was determined that there was probable cause to charge him with battery on a law enforcement officer, being a felon-in-possession of a firearm, possession of marijuana, and resisting an officer without violence. *State v. Robinson,* Case No. 2015-CF- 001755-A (8th Jud. Cir. Alachua County) (May 30, 2015) (First Appearance Order). Plaintiff was ultimately convicted of being a felon-in-possession, resisting an officer without violence, and possession of marijuana. *Robinson,* Case No. 2015-CF- 001755-A (March 22, 2017) (Jury Verdict)*.* Thus, to the extent that Plaintiff claims he was falsely arrested on May 29, 2015, such false arrest ended on May 30, 2015, when the state court found probable cause for the charges for which he was arrested. *See Wallace*, 549 U.S. at 389. Plaintiff's false-arrest claim is therefore barred by the four-year limitations period.

Plaintiff argues that he did not earlier file his Complaint because to do so would have "impugned his conviction in his criminal case." ECF No. 29 at 2. The Court construes this argument as a claim that he would have run afoul of the *Heck v. Humphrey* bar. ECF No. 29. In *Heck v. Humphrey,* the Supreme Court held that

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 487.

The Eleventh Circuit has held that excessive-force claims are *not Heck*-barred, even where the arrestee was convicted of resisting arrest with violence in state court, and a successful § 1983 suit might have indicated that arrestee acted in self-defense. *See Dyer v. Lee*, 488 F.3d 876, 881 (11th Cir. 2007) (citing, *e.g., Thore v. Howe,* 466 F.3d 173, 180 (1st Cir. 2006) (excessive force claim does not necessarily call into question the validity of an underlying state conviction of assault on police officer); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)). Thus, while *Heck* may serve to toll the § 1983 limitations period for claims that are, in fact, *Heck*-barred, this is not such a case. *See Hale v. Riggins,* 154 Fed. App'x 782 (11th Cir. 2005).

Plaintiff asserts that the limitations period was tolled by operation of Fla. Stat. § 95.051(1)(g) due to the pendency of an "arbitral proceeding pertaining to a dispute that was the subject of the action." ECF No. 29 at 1. This claim apparently stems from a civil case that Plaintiff says he filed in state court. *Id.* Plaintiff provides no details regarding the subject of the civil

suit or its outcome.  The Florida statute relied on by Plaintiff applies, by its plain language, to "arbitrable proceedings".  *Glantzis v. State Automobile Mutual Ins. Co.*, 573 So.2d 1049, 1050-51 (Fla. 4th DCA 1991).  There is no factual or legal basis upon which this Court could conclude that Plaintiff's § 1983 constitutional claims against Defendants amount to "arbitrable proceedings" for purposes of the Florida tolling statute.

Lastly, Plaintiff argues that he is entitled to equitable tolling of the limitations period because his untimely filing was "due to extraordinary circumstances that were both beyond Plaintiff's control and unavoidable even with diligence."  ECF No. 29 at 2.  Plaintiff claims that he was denied access to court by being housed in confinement for an unspecified time, where he was deprived of his legal property.  Plaintiff asserts that he submitted "request upon request" to prison officials for his legal documents, and that his inability to gain access to court "created an unconstitutional impediment" to filing this case.  *Id.*

These conclusional allegations do not entitle plaintiff to equitable tolling. "The interests of justice ... can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing ." *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling is appropriate when a movant untimely files

because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). Equitable tolling is only proper on the court's "finding [that] an inequitable event ... prevented plaintiff's timely action," and the plaintiff bears the burden of proof. *Justice v. United States,* 6 F.3d 1474,1479 (11th Cir.1993). Nevertheless, "[equitable] tolling is an extraordinary remedy." *Id.*

Plaintiff's claims are too vague to support a claim for equitable tolling. He provides no facts regarding when he was placed in confinement or the duration of such confinement.  He does not specify what legal documents were necessary in order to prepare a timely § 1983 complaint containing the basic allegations supporting his excessive-force and false-arrest claims. Plaintiff has failed to meet his burden of showing that his failure to timely file a civil rights complaint was unavoidable even with diligence.  *See Jackson v. Martin*, 2009 WL 4728160 (N.D. Fla. 2009) (allegation that jail official intercepted and destroyed two civil rights complaints were insufficient to support claim for equitable tolling when there was an 8-month period that Plaintiff was housed elsewhere); *Young v. Davis,* 554 F.3d 1254, 1258–59 (10th Cir. 2009) (holding that prisoner failed to state a claim for equitable tolling where prisoner failed to provide sufficient specificity

about his alleged lack of access to a law library and his attempts to diligently pursue his claims).

As a final matter, the Court did not direct service of process upon the EMS Unit named in the Complaint. Pursuant to 28 U.S.C. § 1915(b) (1), the Court has *sua sponte* determined that the Complaint fails to state a claim against that Defendant because Plaintiff's claims sound only in negligence, which is not cognizable under § 1983. *See* ECF No. 4 at 7 (alleging that EMS Unit "showed negligence by determining" that Plaintiff did not require emergency treatment at the scene). Plaintiff has also failed to allege any facts from which the Court could conclude that the emergency responders could be deemed "state actors" for purposes of liability under § 1983. In any event, even if Plaintiff had asserted a cognizable § 1983 claim against the emergency responders, that claim would also be barred by the four-year limitations period on the facts alleged in the Complaint.

## IV. Conclusion

It is **ORDERED** that the Report and Recommendation entered on April 21, 2020, ECF No. 27, is **WITHDRAWN.**

For the foregoing reasons, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, ECF No. 24, should be **GRANTED** and this case **DISMISSED** for failure to state a claim upon which relief may be

granted because Plaintiff's claims are barred by the statute of limitations.

**IN CHAMBERS** this 24th day of April 2020.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**