IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DWAYNE TYRONE ROBINSON,

     Plaintiff,

v.                             CASE NO. 1:19-cv-132-MW-GRJ

HUDSON G. DYKES,
et al.,

     Defendants.

_____/

## ORDER AND
## SECOND AMENDED REPORT AND RECOMMENDATION

The undersigned recommended that the Court grant Defendants'

motion to dismiss the Complaint because it is barred by the statute of

limitations applicable to complaints under 42 U.S.C. § 1983.  ECF No. 31

(Order and Amended Report and Recommendation).  Following entry of the

Report and Recommendation, Plaintiff filed a motion to alter or amend the

judgment, which the district judge construed as a motion for

reconsideration.  ECF Nos. 34, 36.  The district judge rejected the Report

and Recommendation and remanded the case to the undersigned for

consideration of Plaintiff's motion as a matter of first impression.  ECF No.

36.  For the following reasons, Plaintiff's motion for reconsideration, ECF

No. 34, is due to be **GRANTED in part** to the extent the Court clarifies the

reasons for recommending dismissal of the Complaint**.** It is respectfully
recommended that the motion to dismiss be **GRANTED**.

## I. Background and Allegations

Plaintiff Dwayne Robinson, an inmate in the custody of the
Department of Corrections presently confined at Hardee Correctional
Institution, initiated this case on July 11, 2019, by filing a "motion for
extension of time to file a belated complaint". ECF No. 1.[1] Plaintiff
represented that he intended to file a civil rights complaint based on
unspecified claims for which the four-year statute of limitations had expired,
but that he had been "obstructed by prison officials" from filing the
complaint. *Id.* Plaintiff's motion and attached exhibits stated that he was
placed in confinement without access to his legal documents, including his
completed complaint form, beginning on March 24, 2019. Following his
release from confinement, he received his legal documents on May 29,
2019, the day after he says the limitations period expired. ECF No. 1 at 1-
2. Plaintiff represented in his motion that "I had and still have a completed
complaint form". He did not submit the complaint with his motion, nor did
he explain why he did not do so. *Id.*

---

[1] Pursuant to the prison mailbox rule, Plaintiff's motion is deemed filed on July 11, 2019,
because that is the date it was provided to prison officials for mailing. ECF No. 1 at 1;
*see Houston v. Lack,* 487 U.S. 266, 270-71 (1988).

The Court denied the motion and instructed Plaintiff that to proceed with his case he must file a complaint on the Court's prisoner civil rights complaint form.  ECF No. 3.  Plaintiff then filed a Complaint pursuant to 42 U.S.C. § 1983 on August 15, 2019.  ECF No. 4 at 12 (certification that he provided the Complaint to prison officials for mailing on August 15, 2019). Plaintiff has been granted leave to proceed as a pauper.  ECF No. 13.

Plaintiff's Complaint alleges that in the early morning hours of May 29, 2015, GPD Officers Hudson Dykes and James Rengering pulled Plaintiff's car over for a traffic stop.  Plaintiff tried to exit his vehicle, but was seized by Officer Rengering and told to get back in the car.  Plaintiff alleges that Dykes and Rengering escorted Plaintiff to the front of their patrol car and began questioning Plaintiff.  The officers "suggested" that Plaintiff submit to a search, but he refused to allow a search without "proper cause". He alleges that the officers disregarded Plaintiff's rights and conducted a search of Plaintiff and his vehicle.  Plaintiff protested that he was being searched against his will, and Dykes threatened that the officers would "put our foot in your ass if you don't shut the [expletive] up."  Plaintiff alleges that due to this threat he feared for his life and attempted to flee by climbing over a fence.  ECF No. 4 at 6.

Plaintiff alleges that the officers caught up with him and yanked him off the fence. Dykes placed Plaintiff in a choke-hold. Plaintiff "began to struggle for air" and told the officers that he could not breathe. Rengering crawled on top of Plaintiff and punched him in the face "while barking obscenities and yelling 'stop resisting!'" Dykes struck Plaintiff in the back of the head with a flashlight. *Id.* at 6-7.

Officer Craig Ferrell arrived and began to punch, stomp, and kick Plaintiff in the face and body. Plaintiff alleges that he began to lose consciousness and was awakened to being beaten. Officer Rabindranauth Narayan arrived, and one of the other officers told Narayan to "kick his ass!" Officer Narayan joined the attack on Plaintiff. Plaintiff told the officers that he had HIV/AIDS, and the officers stopped their attack. Plaintiff was "hog-tied" and placed against a patrol car to await EMS. *Id.* at 7. When EMS arrived, Plaintiff alleges that they "showed negligence" by concluding that despite his visible injuries he did not need their help and left the scene without treating him. *Id.*

A police report authored by Narayan is appended to the Complaint and states that after the EMS team left, Plaintiff complained that he was in pain. Officer S.R. McKinzie ordered Narayan to take Plaintiff to the hospital. According to the report, Plaintiff walked into the hospital on his

own but then complained that his leg was broken.  He became disruptive

during the examination and had to be sedated.  *Id.* at 10.  Plaintiff

submitted a copy of a photograph at the hospital which he says shows his

injuries.  *Id.* at 11.

　　After Plaintiff was treated at the emergency room, he was taken to

the Alachua County Jail and booked on charges including battery on a law

enforcement officer, resisting arrest with violence, and possession of a

firearm.  Plaintiff alleges that he was found not guilty on all charges, except

for possession of a firearm.  *Id.* at 7.  Plaintiff appended to the Complaint

two pages of trial testimony, but the testifying witnesses are not identified.

*Id.* at 8-9.

　　In his statement of claims, Plaintiff asserts that he was subjected to

an unreasonable search and seizure by Rengering and Dykes without

probable cause in violation of his Fourth Amendment rights.  He claims that

Dyke's threats constitute an Eighth Amendment violation.  He claims that

Defendants used unconstitutional excessive force against him.  He asserts

that the EMS team and hospital staff were deliberately indifferent to his

serious medical needs.  Plaintiff also alleges that Defendants "falsely"

arrested him and fabricated evidence against him.  He claims that Officer

McKinzie exhibited deliberate indifference by failing to protect him from

unreasonable harm.  For relief, Plaintiff seeks compensatory and punitive damages in addition to injunctive relief.  ECF No. 4.

## II. <u>Standard of Review</u>

Determining whether a complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support his claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 1951–53 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Nevertheless, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "[A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (quoting *Estelle*, 429 U.S. at 106).

"A statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6)." *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982). A federal § 1983 claim is governed by the forum state's statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988).

Although the length of the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law. *Mullinax v.*

*McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

## III. <u>Discussion</u>

Defendants contend that the statute of limitations for Plaintiff's claims expired four years after his May 29, 2015, arrest and that Plaintiff filed his Complaint almost three months after the expiration of the statute of limitations. Defendants also argue that state and federal claims against Defendants in their official capacities should be dismissed. Defendants assert that Plaintiff cannot cure the deficiencies by filing an amended complaint. ECF No. 24.

Plaintiff makes four arguments in his response in opposition to the motion to dismiss. First, Plaintiff claims that filing a lawsuit at the time of the incident "would have impugned his conviction in his criminal case and claim of malicious prosecution." ECF No. 29 at 2. Second, he asserts that the limitations period was tolled under Florida law by the pendency of an "arbitral proceeding pertaining to a dispute that was the subject of the action." ECF No. 29 at 1. Third, Plaintiff argues that he is entitled to the benefit of equitable tolling of the limitations period due to a denial of access

to court while he was housed in confinement. *Id.* at 2. Lastly, Plaintiff argues that his cause of action did not accrue on the date of the alleged beating because he only later learned of Defendants' identities. *Id.* at 3-4.

## A. *Accrual of § 1983 Claims*

Turning first to Plaintiff's accrual argument, an excessive-force claim generally accrues on the date when the force is inflicted. *See Baker v. City of Hollywood,* 391 Fed. Appx. 819, 821 (11th Cir. 2010) (unpublished)[2] (affirming the district court's dismissal of plaintiff's claims premised on excessive force because, from the face of the complaint, it was apparent he filed it more than four years after the date he allegedly was beaten); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 381 (9th Cir.1998) (stating general rule that excessive force claim under § 1983 accrues on the date that the force occurs).

According to the Complaint, the alleged unconstitutional acts by Defendants that caused Plaintiff's injuries occurred during Plaintiff's arrest on May 29, 2015, when he claims that Defendants conducted an unlawful seizure and search, used excessive force against him, and "fabricated" evidence to falsely arrest him. Thus, the events giving rise to Plaintiff's

---

[2] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

excessive-force claims occurred on that date.  That Plaintiff knew the facts

underlying these claims on that date is apparent from the face of the

Complaint, even if he did not know the Defendants' names at that time.

Therefore, Plaintiff's claims accrued and the four-year limitations period

began to run on May 29, 2015, even if Plaintiff could not identify the officers

by name at that time.  *See Ross v. Mickle*, 194 Fed. Appx. 742, 744 (11th

Cir. 2006) (unpublished) ("Even if Ross could not identify the specific

officers involved, he would have known that he was shot in the back by the

police in March 2002, at the time of the incident.")

Plaintiff did not file his Complaint until August 15, 2019, more than

four years after his arrest on May 29, 2015.  ECF No. 4.  Even if Plaintiff's

motion seeking an extension of time to file a belated complaint could be

liberally construed as a civil rights complaint, it was filed on July 11, 2019,

which is also beyond the expiration of the limitations period.  In any event,

the Court does not find that Plaintiff's motion for extension of time, ECF No.

1, should be construed as a civil rights complaint.  In order to timely initiate

a civil action, "it is required that the plaintiff must have filed with the Clerk of

Court, before expiration of the period of limitations, a factually sufficient

complaint designating by name the allegedly liable defendant or

defendants." *Corines v. Broward County Sheriff's Off.*, 2007 WL 9723810,

at *4 & n.4 (S.D. Fla. Feb. 15, 2007), *report and recommendation adopted,* 2007 WL 9723811 (S.D. Fla. Mar. 15, 2007) (unpublished) (citing Fed. R. Civ. P. 3 ("a civil action is commenced by filing a complaint with the court"); *West v. Conrail*, 481 U.S. 35, 39 (1987); *Moore v. Indiana*, 999 F.2d 1125, 1129-3, & n.2 (7th Cir. 1993) (holding in a prisoner § 1983 action that Rule 3 "provides that the filing of a complaint commences a civil action, and thus it is this act that tolls the running of the statute of limitations applicable to this action")).

Plaintiff conclusionally asserts that Defendants' actions amount to a false arrest.  ECF No. 4.  To establish a claim for false arrest/imprisonment, a plaintiff must prove: (1) that he was detained; and (2) that the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations and emphasis omitted).  A claim for false arrest accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotation marks and citations omitted).  Because a false arrest "is a species of" false imprisonment, in order "to determine the beginning of the limitations period [for a warrantless false arrest], [a court] must determine when [the plaintiff's] false imprisonment came to an end."

*Id.* at 388-89. "Reflective of the fact that a false imprisonment consists of detention without legal process, a false imprisonment ends once the [plaintiff] becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389.

The Court may take judicial notice of the state-court proceedings underlying Plaintiff's Complaint.  Those proceedings reflect that Plaintiff had a first appearance hearing on May 30, 2015, at which it was determined that there was probable cause to charge him with battery on a law enforcement officer, possession of a firearm by a convicted felon, possession of marijuana, and resisting an officer without violence.  *State v. Robinson,* Case No. 2015-CF-1755-A (8th Jud. Cir. Alachua County) (May 30, 2015) (First Appearance Order).  Plaintiff later was charged by information with five counts: (1) possession of a firearm by a felon; (2) resisting an officer with violence; (3) battery on an officer; (4) attempted depriving a law enforcement officer of his weapon or other means to defend himself; and (5) possession of less than 20 grams of cannabis.  *Id.* (July 13, 2015 Information).  Plaintiff was ultimately convicted of being a felon-in-possession, resisting an officer without violence, and possession of marijuana.  *Robinson,* Case No. 2015-CF- 001755-A (April 27, 2017) (judgment and sentence). He was acquitted of battery on a law

enforcement officer and attempted depriving an officer of a means of

protection.  *Robinson,* Case No. 2015-CF- 001755-A (March 22, 2017)

(adjudication of not guilty).  Plaintiff's convictions were affirmed on

September 27, 2018.  *Robinson v. State*, 250 So.3d 550 (Fla. 1st DCA

Sept. 27, 2018).[3]

    Thus, to the extent that Plaintiff claims he was falsely arrested on

May 29, 2015, *see* ECF No. 4 at 13, such false arrest ended on May 30,

2015, when the state court found probable cause for the charges for which

he was arrested.  *See Wallace*, 549 U.S. at 389.  Plaintiff's false-arrest

claim is barred by the statute of limitations because he filed his Complaint

more than four years after that date.

## B.  Heck v. Humphrey and Malicious Prosecution

    Plaintiff next argues in opposition to dismissal that he did not earlier

file his Complaint because to do so would have "impugned his conviction in

his criminal case and claim of malicious prosecution."  ECF No. 29 at 2.

The Court construes the first part of this argument as a claim that he would

have run afoul of the *Heck v. Humphrey* bar.  ECF No. 29. In *Heck v.*

*Humphrey,* the Supreme Court held that

---

[3] Plaintiff claims in the Complaint, under penalty of perjury, that he "was found to be not
guilty on all counts except the alledge [sic] poss. of firearm that is still pending review in
the D.C.A."  ECF No. 4 at 7.  This claim is patently untrue, as explained above.

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck,* 512 U.S. at 487.

The Eleventh Circuit has held that excessive-force claims are not *Heck*-barred, even where the arrestee was convicted of resisting arrest with violence in state court, and a successful § 1983 suit might have indicated that the arrestee acted in self-defense. *See Dyer v. Lee*, 488 F.3d 876, 881 (11th Cir. 2007) (citing, *e.g., Thore v. Howe,* 466 F.3d 173, 180 (1st Cir. 2006) (excessive force claim does not necessarily call into question the validity of an underlying state conviction of assault on police officer); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006)).  Thus, while *Heck* may serve to toll the § 1983 limitations period for claims that are, in fact, *Heck*-barred, this is not such a case.  *See Hale v. Riggins,* 154 Fed. App'x 782 (11th Cir. 2005).

With respect to the second part of Plaintiff's argument, even affording the Complaint the most liberal construction, Plaintiff does not allege a cause of action for "malicious prosecution".  *See* ECF No. 4.  The Complaint does not mention "malicious prosecution" and discusses "malice" only insofar as Plaintiff claims the excessive force amounted to a

"brutal and malicious" assault. ECF No. 4 at 14. Further, in his response in opposition to the motion to dismiss Plaintiff does not argue that he should be permitted leave to amend the Complaint to assert such a claim. Apart from using the phrase "malicious prosecution," Plaintiff does not explain how the facts alleged in the Complaint would establish a malicious-prosecution claim. ECF No. 29.

In his motion for reconsideration, however, Plaintiff erroneously asserts that the Court "overlooked the fact that Plaintiff raised the issue of malicious prosecution, an element of which is favorable termination of criminal proceedings." ECF No. 34. There are no other factual allegations pertaining to a malicious-prosecution claim. He conclusionally alleges that "the defendants took the stand before his peers and made false accusations against him in a continuance to slander his name and reputation in the community," but he does not state which defendant testified falsely or how their testimony was false, and it is unclear whether this assertion is connected to his purported malicious-prosecution claim. ECF No. 34.

The Eleventh Circuit has recently explained that:

A § 1983 claim for malicious prosecution arises where the plaintiff, as part of the commencement of a criminal proceeding, has been unlawfully and forcibly restrained in violation of the Fourth Amendment and, due to that seizure, injuries follow as the

> prosecution goes ahead. *Whiting v. Traylor*, 85 F.3d 581, 584 n.4
> (11th Cir. 1996). "To establish a federal malicious prosecution claim
> under § 1983, the plaintiff must prove a violation of his Fourth
> Amendment right to be free from unreasonable *seizures* in addition to
> the elements of the common law tort of malicious prosecution." *Wood
> v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003) (emphasis in original).
> "As to the constituent elements of the common law tort of malicious
> prosecution, [we have] looked to both federal and state law and
> determined how those elements have historically developed." *Id.*
>
> Under Florida law, a plaintiff must establish six elements to
> support a malicious prosecution claim: (1) an original judicial
> proceeding against the plaintiff was commenced or continued; (2) the
> present defendant was the legal cause of the original proceeding; (3)
> the termination of the original proceeding constituted a *bona fide*
> termination of that proceeding in favor of the plaintiff; (4) there was a
> lack of probable cause in the original proceedings; (5) there was
> malice on the part of the present defendant; and (6) the plaintiff
> suffered damages as a result of the original proceeding. *Durkin v.
> Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002). As to the second
> element, the defendant is not the legal cause of the original
> proceeding if there were intervening acts that broke the chain of
> causation. *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989).

*Jibrin v. Abubakar*, ___ Fed. App'x ___, 2020 WL 2488581*3 (11th Cir.

2020) (unpublished).  "The failure of a plaintiff to establish *any one* of these

six elements is fatal to a claim of malicious prosecution." *Alamo Rent-A-

Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994) (emphasis added).

In *Jibrin,* the Eleventh Circuit affirmed the dismissal of a § 1983

complaint that asserted a malicious-prosecution claim against a police

officer because the state trial court had determined that probable cause

existed for the charges and therefore the arresting officer was not the "legal

cause" of the plaintiff's prosecution.  Further, the plaintiff's complaint failed to set out the predicate elements of a malicious-prosecution claim because the plaintiff did not show that the officer "improperly influenced the prosecutor or that he acted with malice."  *Jibrin*, 2020 WL 2488581*3.

In this case, Plaintiff's Complaint wholly fails to set out the predicate elements of a malicious-prosecution claim. *See* ECF No. 4.  While Plaintiff was acquitted of two of the charges against him (battery on a law enforcement officer and attempted depriving an officer of a means of protection), Plaintiff's factual allegations do not show that any of the officers named as Defendants in the Complaint "improperly influenced the prosecutor or that [they] acted with malice" with respect to Plaintiff's prosecution on those charges.  *See Jibrin*, 2020 WL 2488581*3; ECF No. 4.   Where, as here, an arrest is alleged to have been made without probable cause, "the intervening acts of the prosecutor" and, where applicable, "the grand jury, judge, and jury," "break the chain of causation unless [the] plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant [law enforcement officers]." *Williams v. Miami-Dade Police Dep't*, 297 Fed. App'x 941, 947 (11th Cir. 2008) (unpublished). Thus, where there are no allegations that law enforcement officers "had anything to do with the decision to prosecute or

that they had improperly influenced that decision," the officers are not the

"legal cause" of the original proceeding. *Id.* (citing *Eubanks v. Gerwen*, 40

F.3d 1157, 1160-61 (11th Cir. 1994) (arresting officers could not be liable

for § 1983 malicious prosecution claim where they "turn[ed] over all

relevant information about the matter to the State Attorney," "did not make

the decision as to whether or not to prosecute," and "none of them

improperly influenced the decision to prosecute").

A claim for malicious prosecution accrues when "the underlying

criminal proceedings have resolved in the plaintiff's favor." *McDonough v.

Smith*, ___ U.S. ___, 139 S. Ct. 2149, 2156 (2019) (citing *Heck*, 512 U.S.

at 484).   Plaintiff was acquitted by a jury of battery on a law enforcement

officer and attempted depriving an officer of a means of protection on

March 22, 2017.  *Robinson,* Case No. 2015-CF- 001755-A (March 22,

2017) (adjudication of not guilty).  Thus, to the extent that Plaintiff could

assert a cognizable malicious-prosecution claim, it does not appear that a

claim would be barred by the four-year statute of limitations.

The undersigned does not recommend that Plaintiff be afforded leave

to amend the Complaint to explicitly assert a malicious prosecution claim,

however.  Rule 15(a)(1) gives a plaintiff the right to amend a complaint

once as a matter of course, so long as no responsive pleading has been

filed. Fed. R. Civ. P. 15(a)(1).  After that, a plaintiff must seek the consent of the opposing party or the court's leave to amend. Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend a complaint "when justice so requires."  *Id.*  Although a *pro se* Plaintiff must ordinarily be given an opportunity to amend a complaint before the Court dismisses it, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile, such as when the complaint as amended is still subject to dismissal." *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017).

The gravamen of Plaintiff's Complaint plainly is his excessive-force claims, which are time-barred.  *See* ECF No. 4.  His references to "malicious prosecution" appear to have evolved in response to Defendants' motion and the Court's orders.  *See* ECF. Nos. 29, 34.  Plaintiff has neither sought leave to amend nor submitted a proposed amended complaint that clarifies the factual basis for a malicious-prosecution claim.  He does not explain which officers could properly be named as Defendants to a malicious-prosecution claim.  The Complaint is devoid of any factual allegations showing that the police officers named in the Complaint were involved in, or improperly influenced, the decision to prosecute Plaintiff after his arrest.  On the facts alleged, a malicious prosecution claim fails on

at least the causation element.  *See Jibrin*, 2020 WL 2488581*3; *Williams*,

2008 WL 4726101, 297 Fed. App'x at 947.  The undersigned therefore

finds that amendment of the Complaint to explicitly assert a malicious

prosecution claim would be futile because the facts as alleged do not

support such a claim.  *Chang*, 845 F.3d at 1094.  Dismissal of the

Complaint should, however, be without prejudice to Plaintiff's right to file a

new case, to the extent Plaintiff believes he can allege facts establishing a

malicious prosecution claim stemming from the two charges for which he

was acquitted.

## C. *Statutory Tolling*

Plaintiff asserts that the limitations period was tolled by operation of

Fla. Stat. § 95.051(1)(g) due to the pendency of an "arbitral proceeding

pertaining to a dispute that was the subject of the action."  ECF No. 29 at 1.

This claim apparently stems from a civil case that Plaintiff says he filed in

state court.  *Id.*  The Florida statute relied on by Plaintiff applies, by its plain

language, to "arbitrable proceedings".  *Glantzis v. State Automobile Mutual*

*Ins. Co.*, 573 So.2d 1049, 1050-51 (Fla. 4th DCA 1991).  There is no factual

or legal basis upon which this Court could conclude that Plaintiff's § 1983

constitutional claims against Defendants amount to "arbitrable proceedings"

for purposes of the Florida tolling statute.

## D. *Equitable Tolling*

Plaintiff argues that he is entitled to equitable tolling of the limitations period because his untimely filing was "due to extraordinary circumstances that were both beyond Plaintiff's control and unavoidable even with diligence." ECF No. 29 at 2. Plaintiff claims that he was denied access to court by being housed in confinement from March 24, 2019, to May 29, 2015, where he was deprived of his legal property. *Id., see* ECF No. 1. Plaintiff asserts that he submitted "request upon request" to prison officials for his legal documents, and that his inability to gain access to court "created an unconstitutional impediment" to filing this case. *Id.*

"The interests of justice ... can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevented timely filing ." *Arce v. Garcia,* 434 F.3d 1254, 1261 (11th Cir. 2006). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). Equitable tolling is only proper on the court's "finding [that] an inequitable event ... prevented plaintiff's timely action," and the plaintiff bears the burden of proof. *Justice v. United States,* 6 F.3d

1474,1479 (11th Cir.1993). Nevertheless, "[equitable] tolling is an extraordinary remedy." *Id.*

The Eleventh Circuit has held that being housed in confinement is not an "extraordinary circumstance" meriting the remedy of equitable tolling. For example, in *Akins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir. 2000), a § 2255 habeas movant argued for equitable tolling because (1) he was subjected to lockdowns in jail for several months, during which he could not access the law library, and (2) prison officials misplaced his legal papers for a period of time. After noting the movant had ample time to file his motion when these impediments did not exist, the Eleventh Circuit declined to apply equitable tolling. *Akins,* 204 F.3d at 1090. Similarly, in *Dodd v. United States,* 365 F.3d 1273, 1282–83 (11th Cir. 2004), the movant argued for equitable tolling because he was transferred to a different facility and detained there for over ten months without access to his legal papers. The Court explained that "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." *Id.* at 1283. In *Dodd,* the movant never claimed his detention was unconstitutional, inappropriate, or outside of routine practice, and the Court therefore found that the circumstances were not extraordinary. *Id.*; *see also*

*Paulcin v. McDonough,* 259 Fed. Appx. 211, 213 (11th Cir. 2007)

(unpublished) (citing *Akins* and *Dodd* to conclude that a prisoner's transfer

to county jail and denial of access to his legal papers and the law library did

not constitute extraordinary circumstances meriting equitable tolling).

      Plaintiff has made no showing that his placement in confinement from

March 24, 2019, to May 29, 2019, a period of 66 days, amounted to an

"extraordinary circumstance" for purposes of equitable tolling under

Eleventh Circuit precedent.  Moreover, even assuming, *arguendo,* that his

confinement amounted to an extraordinary circumstance, Plaintiff's actions

do not reflect that he acted with diligence in pursuing his claims.  Plaintiff

submitted with his motion for extension of the limitations period (ECF No. 1)

a copy of an inmate grievance regarding his legal work.  Plaintiff confirmed

in the grievance that his legal work had been returned upon his release

from confinement.  The grievance states that "[f]inally on 5-29-19, after

being released from confinement, *I was given my legal documents through

Ofc. Capps*[.]"  *Id.* at 2 (emphasis added).  Yet Plaintiff filed nothing with

this Court until his July 11, 2019, motion for extension of the limitations

period.  In that motion, he represented that he had the completed complaint

form *at that time* and yet he did not file the complaint.  *See* ECF No. 1.

Even if the limitations period were tolled for the entire 66 days that Plaintiff

spent in confinement, it would have expired on August 3, 2019, and the

Complaint filed on August 15, 2019, would still be untimely.

A plaintiff "'who fails to act diligently cannot invoke equitable

principles to excuse that lack of diligence.'" *Young v. Domtar Paper Co.,*

*LLC,* 2012 WL 2160442 *6 (N.D. Miss. June 13, 2012) (plaintiff who waited

46 days before filing suit after receipt of letter from court advising him to file

suit "at the earliest possible time" was not diligent) (unpublished) (quoting

*Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 151 (1984)).  On

this record, the Court finds that Plaintiff is not entitled to equitable tolling

because he has not established the existence of extraordinary

circumstances or that he acted with diligence to timely file his Complaint.

## D.  *Remaining Claims*

The Court did not direct service of process upon the EMS Unit or

"Shands Hospital".  Pursuant to 28 U.S.C. § 1915(b) (1), the Court has *sua*

*sponte* determined that the Complaint fails to state a claim against such

parties because Plaintiff's claims sound in negligence, which is not

cognizable under § 1983.  *See* ECF No. 4 at 7 (alleging that EMS Unit

"showed negligence by determining" that Plaintiff did not require

emergency treatment at the scene).  Plaintiff wholly fails to allege any facts

that would establish a constitutional deliberate-indifference claim, nor has

he alleged any facts from which the Court could conclude that the

emergency responders or hospital staff could be deemed "state actors" for

purposes of liability under § 1983.  In any event, even if Plaintiff had

asserted a cognizable  § 1983 claim against those parties, such claims

would also be barred by the four-year limitations period on the facts alleged

in the Complaint.

Because Plaintiff's claims are barred by the statute of limitations, it is

unnecessary to address Defendants' further argument that the claims are

due to be dismissed to the extent the Defendants are sued in their official

capacity.  *See* ECF No. 24.

## E.  *Motion for Reconsideration*

Plaintiff's motion for reconsideration of the previous Report and

Recommendation, ECF No. 31, focuses on the Court's analysis of the

accrual of his claims and rejection of his arguments for tolling of the

limitations period.  *See* ECF No. 34.

A motion for reconsideration is "an extraordinary remedy" and is only

used sparingly. *Pensacola Firefighters' Relief Pension Fund Bd. of

Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 265 F.R.D. 589, 591

(N.D. Fla. 2010). A motion for reconsideration is not an appeal, and thus it

is improper on a motion for reconsideration to "ask the Court to rethink

what it ha[s] already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983), *quoted in Weitz Co. v. Transp. Ins. Co.,* 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009).  A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision. *Wendy's Int'l v. Nu-Cape Constr., Inc.,* 169 F.R.D. 680, 686 (M.D. Ga. 1996).

Plaintiff's motion for reconsideration essentially seeks to relitigate Defendants' motion to dismiss.  The Court has endeavored to clarify its reasons for recommending dismissal of the Complaint, and the motion will be granted only to that extent.  In other respects, the motion is due to be denied for the following reasons.

On the limitations issue, Plaintiff concedes that "some" of the Defendants' unconstitutional acts occurred on May 29, 2015, "but that the problem continued during trial when defendants took the stand . . . . and made false accusations against him in a continuance to slander his name and reputation in the community."  ECF No. 34 at 1-2.  To the extent that Plaintiff challenges the evidence used to convict him, such claims are barred by *Heck,* as discussed above.  To the extent Plaintiff is arguing that a different limitations period applies to a malicious prosecution claim, that

argument has been addressed.

Plaintiff next disputes that he was aware on May 29, 2015, that he had been subjected to a use of excessive force. He states that the Defendants wrongly informed the EMS team that Plaintiff was injured when he leapt from a moving vehicle. Due to the beating, he claims that he "did not actually know how he sustained his injuries at the time of the incident." He alleges that the initial police report did not mention a use of force "which brought upon confusion to where Plaintiff was in contemplation with himself as in which did actually take place that night of the incident." ECF No. 34 at 3.

Regardless what Defendants told EMS or what the police report contains, it defies logic, reason, and common sense to suggest that Plaintiff himself was unaware of the cause of his injuries. He graphically describes the beating in the Complaint. *See* ECF No. 4. Even if his memory was temporarily impaired due to his injuries, there can be no doubt that his excessive-force claims accrued on the day that the alleged force occurred.

Plaintiff next expands on his statutory tolling argument by asserting that he filed a habeas corpus petition in state court that qualifies as an "arbitral proceeding" under Fla. Stat. § 95.051(1)(g). Again, the statute by its plain language applies only to "arbitrable proceedings". *Glantzis*, 573

So.2d at 1050-51.  There is no authority for the proposition that the statute tolls the limitations period for the § 1983 claims in Plaintiff's Complaint due to the pendency of a habeas case.

Lastly, Plaintiff reasserts his argument that he could not timely file his Complaint because he did not have access to his legal materials during the 66 days he was in confinement and therefore the limitations period should be equitably tolled.  ECF No. 34 at 5.  Plaintiff claims that he "was unable to even beg[in] his presentation" to the Court.  *Id.*  The Court has rejected Plaintiff's equitable tolling argument for the reasons discussed herein. Plaintiff's motion provides no basis for the Court to reconsider its analysis of the equitable tolling issue.

## IV. <u>Conclusion</u>

It is **ORDERED** that Plaintiff's motion for reconsideration, ECF No. 34, is **GRANTED in part** to the extent the Court has clarified the reasons for recommending dismissal.  In all other respects, the motion is **DENIED.**

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss, ECF No. 24, should be **GRANTED** and the Complaint **DISMISSED** for failure to state a claim upon which relief may be granted because Plaintiff's claims are barred by the statute of limitations.  Dismissal should

be without prejudice to Plaintiff's right to initiate a new case to the extent

that he believes he can allege a cognizable malicious prosecution claim.

   **IN CHAMBERS** this 19th day of June 2020.

                                          s/Gary R. Jones
                                          _____
                                          GARY R. JONES
                                          United States Magistrate Judge



## NOTICE TO THE PARTIES

   **Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**